Michalina Szeszycki, Appellant, v. Joseph Buczko and Mary Buczko, Also Known as Joseph Bucko and Mary Bucko, Appellees.

Gen. No. 39,785.

Opinion filed May 11, 1938. Rehearing denied May 26, 1938.

JOHN F. O'TOOLE and MITCHELL KILANOWSKI, both of Chicago, for appellant; MITCHELL KILANOWSKI, of counsel.

Francis Heisler, of Chicago, for appellees.

Mr. Presiding Justice Hebel delivered the opinion of the court.

This is an appeal by the plaintiff from a decree entered by the court in plaintiff's action to foreclose a trust deed securing the payment of a principal note for $1,700, dated July 17, 1930, which trust deed and principal note were executed by the defendants, Julia Bucko and Joseph Bucko, Stella Szeszycki and Joseph Szeszycki.

Plaintiff alleges that the trust deed was given to secure a certain other note for $2,000, executed by the same parties, which note and interest coupons attached thereto were paid shortly after the execution thereof; that the trust deed conveying the real estate described therein to Anton Glowski, trustee, and securing the payment of the notes in question was recorded on July 17, 1930 in the office of the recorder of deeds of Cook county, and that a default occurred in the payment of the principal and interest note for $1,700 and of the taxes against said premises.

It appears from the facts that Teofil Szeszycki and Michalina Szeszycki, the plaintiff, on July 17, 1930, were the owners of the premises here involved; that at that time they desired to dispose of the premises, and accordingly agreed to sell the real estate to their son and daughter and their respective spouses, Julia Bucko and Joseph Bucko, her husband, and Joseph Szeszycki and Stella Szeszycki, his wife, for the principal sum of $5,000.

At that time the daughter, Julia Bucko and Joseph Bucko, her husband, paid in cash $800 and the son, Joseph Szeszycki and his wife Stella Szeszycki, paid $500 in cash. The $800 was received by the plaintiff, Michalina Szeszycki, and the $500 was received by Teofil Szeszycki. In payment of the balance due, the

son and daughter and their respective spouses, executed a trust deed, conveying the property therein described to secure one principal note for $2,000 and another principal note for $1,700, due on or before five years after date, with interest at the rate of 3 per cent per annum, payable semiannually, which instalments of interest were evidenced by ten interest coupons, attached to each of the notes, and this trust deed was placed of record by filing in the recorder's office of Cook county. The principal note No. 1 for $2,000 and the interest coupons thereto attached were delivered to Teofil Szeszycki, and principal note No. 2 for $1,700 and the interest coupons thereto attached were delivered to the plaintiff Michalina Szeszycki.

That shortly after the transaction was completed the plaintiff, Michalina Szeszycki, left for Europe and did not return until some time in the year 1932 or 1933; that at the time the plaintiff was in Europe in 1930, the son and daughter and their respective spouses were unable to agree and accordingly, Joseph Szeszycki and Stella Szeszycki, his wife, the owners of an undivided one-half interest, negotiated with Joseph Bucko and Mary Bucko, his wife, also known as the Bucko, Srs., cross plaintiffs herein, to purchase their undivided one-half interest for the sum of $2,700, out of which sum, principal note No. 1 for $2,000 was to be paid, and on or about January 3, 1931, the transaction was closed by the payment of $2,600 by the cross plaintiffs, Joseph Bucko and Mary Bucko, his wife, the sum of $100 having been previously paid, to Joseph Szeszycki and Stella Szeszycki, and they thereupon conveyed their undivided one-half interest to the cross plaintiffs, and that the principal note for $2,000 and the interest coupons thereto attached were paid to Teofil Szeszycki, who was then the legal owner and holder of the same, and said notes were marked paid and canceled and were surrendered to the cross plaintiffs.

That default had occurred in payment of interest coupons Nos. 1 to 10, and of principal note No. 2 for $1,700, and accordingly the plaintiff filed a bill to foreclose.

That foreclosure proceedings were referred to a master in chancery, and that upon the filing of his report and objections thereto, the objections were overruled and allowed to stand as exceptions. The exceptions being overruled, the court entered a decree finding that the representations made by Teofil Szeszycki to Julia Bucko and Joseph Bucko, her husband that by the payment of the note which he held and which was described in the trust deed on the property in question they were purchasing an undivided one-half interest free and clear of the lien of the trust deed sought to be foreclosed are not binding upon the plaintiff in this action.

The court further found that there is no merit in the contention that upon the payment by either Joseph Bucko, Julia Bucko, or Joseph Szeszycki and Stella Szeszycki, his wife, they would become entitled to an undivided one-half interest in the property, free and clear of the lien of the trust deed as to the undivided one-half interest owned by the above named parties, for the reason that the principal notes, as well as the interest coupons pertaining to each of said notes, were executed by all of said parties, namely, Joseph Bucko, Julia Bucko, Joseph Szeszycki and Stella Szeszycki, his wife.

In this proceeding the plaintiff is seeking to foreclose the trust deed securing payment of the $1,700 note executed by Joseph Szeszycki and Stella Szeszycki, his wife, and Joseph Bucko and Julia Bucko, his wife, who at that time also joined in the execution and delivery of the trust deed which is the subject of this foreclosure proceeding.

As far as we have been able to ascertain from this record, there is nothing which would tend to show that

the plaintiff in this action misled the defendants and the cross plaintiffs. Only because of a default in the payment of the amount secured by the trust deed is she seeking to exercise her right under the terms thereof to foreclose for the purpose of obtaining payment of the amount due. The cross plaintiffs offer the defense that they purchased the property from Joseph Szeszycki and Stella Szeszycki and paid the amount due upon the note for $2,000 held by Teofil Szeszycki, and they are now seeking to have the cancellation of the notes set aside by the court, in order that they may join with the plaintiff in a foreclosure proceeding; that a decree may be entered therein finding that the amount paid for the $2,000 note is due these cross plaintiffs and that the foreclosure decree is for the purpose of a sale of the property in question to secure payment of the $1,700 note due the plaintiff, and the $2,000 note that the cross plaintiffs contend was paid when they, as they claim, purchased the property.

Even if the plaintiff knew that there was a negotiation between the Buckos and Teofil Szeszycki regarding the purchase of the $2,000 note owned by Teofil Szeszycki, under the circumstances it would seem to the court that the Buckos, who purchased the note upon the alleged representation that they would have the undivided one-half interest free and clear of lien, did not exercise such prudence in the transaction as would protect them from liability in a proceeding of the character now before us.

The expression of the Supreme Court in the case of *Hawhe v. Snydaker,* 86 Ill. 197, is applicable to the facts in this record, from which it appears that the Buckos purchased from the mortgagor property subject to a mortgage. The court upon a like question said:

"The right of a purchaser from the mortgagor of a part of a property under mortgage, who has paid for his part of the property, to have all the parts of the

property left in the mortgagor at the time of his purchase sold first, before subjecting his property to sale to satisfy the mortgage, is a superior right as against the mortgagor, but it is a subordinate right as against the mortgagee, and is subject to the superior right of the mortgagee to collect his money in the way that is most to the interest of the mortgagee. The purchaser from the mortgagor can hold the mortgagee to account only where the mortgagee has wantonly, or in unjust indifference to the known equitable rights of such a purchaser, impaired such right by his act, when no reasonable consideration of the interests of the mortgagee required the act to be done which is complained of.''

The plaintiff is seeking to foreclose the trust deed only to secure payment of the amount due, as we have already indicated. There were no representations made, nor were the Buckos misled by anything the plaintiff has stated. Their action for contribution would lie only when they were required to pay the full amount of the mortgage in order to protect their interests, and this would apply only to the mortgagor.

The question of subrogation was passed upon by the Supreme Court in the case entitled *Simpson v. Gardiner,* 97 Ill. 237, wherein the court held that where two persons purchased a tract of land, receiving a deed therefor, not in severalty, but to them in common, gave their joint notes for the unpaid purchase money, secured by their joint mortgage on the entire tract, and one of them died, so that the other was compelled to pay the whole amount of the notes and interest to save his own share in the land, the party so paying off the incumbrance was entitled to contribution, and to be subrogated to the rights of the mortgagee, and to enforce the lien of the mortgage as to the money paid above his own proper share.

So in this action if the defendants Joseph and Mary Bucko were required to pay the full amount provided

for in the trust deed, then they would be in a position to apply for and entitled to a contribution from the other joint owners. In this case such steps were not taken, but the defendants rely upon the representation of the former owner of the note that the undivided one-half interest which was transferred to the Buckos would be free and clear of the mortgagor's claim for the amount paid by the Buckos.

The court in its decree ordered that the master to whom the cause was referred was to retain out of the proceeds of the sale $287.50 taxed as fees of the master and pay the officers of the court their costs, and out of the remainder pay to the plaintiff the amount found to be due her in the sum of $2,498.04, together with interest on the amount of $2,178.99 at 5 per cent from November 20, 1936, and to the defendants and cross plaintiffs, Joseph Bucko, Sr. and Mary Bucko, the amount of $2,721.29 with interest on the sum of $2,563.29 at 5 per cent per annum from November 20, 1936, and if the remainder be not sufficient to pay said amount and interest due to the plaintiff and the defendants and cross plaintiffs, that the master apply the remainder to the extent to which it may reach in satisfaction thereof, the payments to be made to said plaintiff and said defendants and cross plaintiffs in the ratio by the decree found to be due to the plaintiff and to the defendants and cross plaintiffs.

As we have indicated before, the plaintiff was not responsible for the unfortunate position in which the defendants and cross plaintiffs found themselves in making payment of the $2,000 note and interest to Teofil Szeszycki. They had knowledge and were chargeable with the fact that the note was a joint note secured by the trust deed which was a lien upon the property in question, and that the plaintiff was entitled to enforce her legal rights in the manner in which she did to accomplish this purpose, but the court in its decree, notwithstanding the note purchased from

Teofil Szeszycki had been canceled, permitted the defendants and the cross plaintiffs, in effect, to join with the plaintiff in seeking to enforce their lien upon the property in question. It would seem under the law, by reason of the fact that the mortgage note had been paid and canceled, the lien had merged in the title, which is now in the hands of the Buckos, by purchase, as described in the decree.

For the reasons stated the decree is reversed and the cause remanded for such further proceedings as may be consistent with the views expressed in this opinion.

*Reversed and remanded.*

DENIS E. SULLIVAN and HALL, JJ., concur.